# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Edmond E. Chang | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4055 and 12 C 6732 | **DATE** | 10/2/2012 |
| **CASE TITLE** | In Re: Sheila Connolly | | |

**DOCKET ENTRY TEXT**

The dismissal of the petition, 11-BK-50291, R. 66, is vacated and the case is remanded for proceedings consistent with this order. Elm's motion to withdraw [59] is granted. All other pending motions are terminated as moot. The related appeal, 12 C 06732, is dismissed voluntarily by Connolly, see R. 64 at 5.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

As described in a prior order, R. 30, in this bankruptcy appeal, debtor-appellant Sheila Connolly failed pay real estate taxes on her home, and creditor-appellee Elm Limited bought the unpaid taxes at a tax auction. Connolly did not pay the delinquent taxes within the redemption period set by state law. 35 ILCS 200/21-345, 350, 355. The redemption period expired in July 2011. A few months after the redemption period's expiration, but before the issuance of the tax deed to Elm, Connolly filed a Chapter 13 bankruptcy petition.

Connolly proposed a plan in which she, with the help of some family members, would pay down the tax debt. In the bankruptcy court, Elm argued that the tax debt was not subject to bankruptcy treatment at all because the redemption period had expired *before* Connolly filed the bankruptcy petition. In Elm's view, the tax debt was no longer a "claim" under 11 U.S.C. § 1322(b)(2) because Connolly no longer had any right to redeem. The bankruptcy court agreed, holding that there was no claim that could be modified in bankruptcy after the redemption period, and thus refused to confirm the plan and dismissed the case. 11-BK-50291, R. 66.

Connolly appealed the dismissal, and for the reasons stated in the prior order, R. 30, this Court stayed the dismissal (which stayed the start of the tax-deed proceedings). Although the appeal is fully briefed, recently Elm filed a motion to withdraw from defense of the appeal, R. 59, in which Elm stated that it wished to stop defending the appeal and that it intended to seek relief in state court to vacate the original tax sale.

After soliciting additional views from the parties as to the proper procedural course in light of Elm's motion to withdraw, the Court orders as follows: the appeal is dismissed, the bankruptcy court's dismissal of the petition is vacated, and the case is remanded for further proceedings consistent with this Order. This is the proper course because (1) if the Court simply dismissed the appeal, then Connolly would be left with a dismissed petition, which puts her in a worse position than if the appeal proceeded and she won a vacatur and

| STATEMENT |
|---|

no guaranteed that Elm would move to vacate the initial tax sale; (2) if the Court simply put the appeal on hold while Elm filed the motion to vacate the tax sale in state court and Connolly tried to work out a feasible plan with the Trustee, then the bankruptcy court would not have jurisdiction because of the pending appeal; and (3) if the Court proceeded with the appeal, then Elm would either participate against its wishes and at its additional expense or Elm would not participate, which would mean that the appeal (any appeal to the Seventh Circuit) would have no active litigant against Connolly.

On balance, then, the Court will vacate the dismissal of the petition, which will re-open the bankruptcy proceeding in the bankruptcy court and give that court the jurisdiction to consider the proposed plan. If Elm for some reason does not move to vacate the tax sale (or simply changes its mind), then the bankruptcy court can again rule on the plan (for example, by rejecting Connolly's attempt to modify the tax debt), and Connolly can again appeal if the plan is rejected.

Accordingly, the dismissal of the petition, 11-BK-50291, R. 66, is vacated and the case is remanded for proceedings consistent with this opinion. Elm's motion to withdraw [59] is granted. All other pending motions are terminated as moot. The related appeal, 12 C 06732, is dismissed voluntarily by Connolly, *see* R. 64 at 5.